UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PERRY STEWART

                        **MEMORANDUM & ORDER**

           Petitioner,                   07-CV-2617 (NGG)

     -against-

UNITED STATES OF AMERICA
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Perry Stewart ("Petitioner" or "Stewart") files this writ of habeas corpus under 28 U.S.C. § 2255, raising an ineffective assistance of counsel claim in connection with his attorney's failure to file a notice of appeal challenging his sentence. His petition is denied.

## I.   BACKGROUND

On December 13, 2004, a grand jury indicted Stewart for conspiracy to possess with the intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846. (Petitioner's Brief (Docket Entry #1) 1.) On May 2, 2006, Stewart pleaded guilty to the lesser included offense of conspiring to distribute and possess with the intent to distribute 100 kilograms or more of marijuana. (Government Letter ("Gov't Letter") (Docket Entry #7) Ex. A ("Plea Agreement").) On July 27, 2006, this court sentenced Stewart to 78 months in prison and 60 months of supervised release. (Gov't Letter Ex. D ("Sentencing Tr.").) The sentence included a finding that Stewart was a supervisor, resulting in a two-point enhancement to his offense level. (See Petitioner's Brief 1.)

On June 25, 2007 Stewart filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Stewart claims that he was denied effective assistance of counsel

1

because he "directed his attorney to notice the sentence for direct appeal" but his attorney, Sidney Smith, Esq. ("Smith"), failed to do so.

### A. The Plea Agreement

Stewart pleaded guilty pursuant to a plea agreement with the Government. The Plea Agreement described the statutory penalties corresponding to the indicted crime as including, inter alia, a maximum term of imprisonment of 40 years and a minimum term of 5 years. (See Plea Agreement 1-2.)

The Plea Agreement estimated the applicable offense level under the United States Sentencing Guidelines to be level 28. (See id. at 2.) The estimate was calculated with (i) a base offense level of 28, (ii) a two-point aggravating enhancement, and (iii) a two-point credit for acceptance of responsibility. (See id.) The Plea Agreement also stated that the Government would move for an additional one-level reduction if Stewart pleaded guilty on or before May 2, 2006. (See id.) The parties stipulated that an offense level of 27 carried a range of imprisonment of 78-97 months imprisonment. (See id. at 3.)

Stewart "stipulate[d] to the above Sentencing Guidelines calculation and agree[d] not to make any motion for a downward departure under the Sentencing Guidelines." (See id. at 3.) Stewart further agreed "not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 108 months or below." (See id.) Stewart affirmed, in the Plea Agreement, that he read the entire agreement, discussed it with his attorney, and that he understood all of its terms and entered into it knowingly and voluntarily. (See id. at 9.) Stewart's defense attorney also signed the Plea Agreement. (See id.)

### B. Petitioner's Plea Hearing

Smith represented Stewart at his plea hearing. (Gov't Letter Ex. B) ("Plea Tr.") 2.) At the hearing, Stewart affirmed that he and his attorney discussed the sentencing guidelines and that he understood how they operated and applied to his case. (See id. at 12-13.) The court explained that the probation department would prepare a report in which it would recommend a particular sentencing range to the court. (See id. at 14.) The court informed Stewart that "[y]ou and your attorney will have the opportunity to see that report. If you think that it's mistaken or incomplete in any way, you will have the opportunity to bring that to my attention." (See id.) Stewart then stated that he understood that he was stipulating, in the Plea Agreement, to a predicted offense level of 27 and that he agreed not appeal his sentence if it was 108 months or less. (See id. at 15-16.) Stewart indicated that his guilty plea was voluntary, not threatened or forced, and that, other than the promises contained in the Plea Agreement, no one had made any promises causing him to plead guilty. (See id. at 17-18.)

### C. Stewart's Sentencing

Stewart and his attorney appeared for sentencing on July 27, 2006. (Gov't Letter, Ex. D ("Sentencing Tr.") 2.) The court and the parties discussed two objections to Stewart's Presentence Report: (i) Stewart's criminal history category and (ii) a disparity between the forfeiture amount stated in the Plea Agreement and the Presentence Report. (See id. at 3-5.) Smith did not object to the Presentence Report's guidelines calculation. Before sentencing, the court asked Stewart if he had anything to say. (See id. at 8.) Stewart responded by reading a letter in which he accepted responsibility and asked the court for leniency. (See id. at 8-10.) Immediately preceding the imposition of sentence, the court asked Stewart if he was ready to be sentenced. (See id. at 10.) Stewart responded affirmatively. (See id.) Stewart did not object to

3

the guidelines calculations in either his allocution or when the court asked whether he was ready to be sentenced. (See id. at 8-10.) Following the imposition of sentence, the court instructed Stewart about his rights to appeal the sentence. (See id. at 10-11.)

Stewart then filed this Petition on July 25, 2007. The court ordered the parties to schedule an evidentiary hearing to determine whether Stewart was denied effective assistance of counsel in connection with appealing his sentence. (Order (Docket Entry # 9).)

### D. Petitioner's Section 2255 Hearing

On September 9, 2009, this court held an evidentiary hearing on the limited issue of whether Stewart instructed Smith to file an appeal of his sentence. (See Hearing Transcript dated Sept. 9, 2009 (2255 Tr.").) Stewart and his attorney, Smith, both testified at the hearing. Stewart testified that he frequently communicated with Smith through Camille Gossling ("Gossling"), the mother of Stewart's daughter. She did not testify at the hearing.

Stewart testified that Smith discussed the entire plea agreement with him. (See id. at 17.) And Smith testified that he discussed the possible outcomes of filing an appeal with both Stewart and Gossling. (See id. at 81-82.)

Stewart claimed that he instructed Smith to file an appeal. He supports his claim with the following contentions. First, Stewart testified that he signed his plea agreement with the understanding that his attorney would challenge and, if necessary, appeal the two-point enhancement for his aggravating role. (See id. at 17-18.) According to Stewart, Smith was supposed to appeal the enhancement if it was not addressed at sentencing. (See id. at 34-35.) Smith testified that no such arrangement existed or was ever discussed. (See id. at 86.)

Second, Stewart claimed that he sent Smith a letter, shortly after his sentencing, in which he instructed Smith to file an appeal. (See Letter dated July 29, 2006, Petitioner's Brief, Ex. B.)

4

The only reference to an appeal in that letter is the following: "is there any possible way I can appeal this aggravating role adjustment." (Id.) On cross-examination, Stewart admitted that this quote was not a request to file an appeal, but a question asking whether an appeal of his aggravating role would be successful. (2255 Tr. 34, 36.) Stewart then testified that his July 29th letter was actually an inquiry about the status of letters that he previously sent to Smith and in which he claims to have instructed Smith to file an appeal. (See id. at 33-34.) But Stewart only kept a copy of the July 29th letter. (See id. at 38.)

Smith, by contrast, testified that Stewart never asked him to file an appeal. (See id. at 87.) According to Smith, Stewart's July 29th letter was the only time that he alluded to the possibility of filing an appeal. (See id. at 80.) Smith did not consider that reference to be a request to file an appeal. (See id. at 88.) Smith also testified that he did not receive any other correspondence from Stewart referring to an appeal. (See id. at 87-88.) Smith also testified that Gossling never communicated a request from Stewart to file an appeal. (See id. at 81, 89.)

## II. DISCUSSION

### A. Legal Standard

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland v. Washington, 466 U.S. 668 (1984), test for ineffective assistance of counsel to claims that counsel was constitutionally ineffective in failing to file a notice of appeal. Under Strickland a defendant must show (1) that his counsel's representation "fell below an objective standard of reasonableness," 466 U.S. at 688, and (2) that his counsel's deficient performance prejudiced the defendant, see id. at 694. Applying this standard to counsel's failure to file a notice of appeal, Flores-Ortega laid out the following framework for determining when such a failure constitutes ineffective assistance. See 528 U.S. at 478-87.

The question under <u>Strickland</u>'s first prong is whether counsel consulted with the defendant about raising an appeal. See <u>Flores-Ortega</u>, 528 U.S. at 478. In this context, "consulting" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." <u>Id.</u> If there has been a consultation, counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." <u>Id.</u> If counsel did not consult with the defendant about filing an appeal, the issue is "whether counsel's failure to consult with the defendant itself constitutes deficient performance." <u>Id.</u>

On <u>Strickland</u>'s second prong, prejudice is presumed where counsel's error leads to "the forfeiture of a proceeding itself." <u>Campusano v. United States</u>, 442 F.3d 770, 773 (2d Cir. 2006) (quoting <u>Flores-Ortega</u>, 528 U.S. 483-84). When counsel fails to file a requested appeal, a defendant "is entitled to a new appeal without showing that his appeal would likely have had merit." <u>Id.</u> (quoting <u>Peguero v. United States</u>, 526 U.S. 23, 28). Even if a defendant waives a right to an appeal in his or her plea agreement, failing to file a requested notice of appeal is a constitutionally ineffective omission. <u>Id.</u> at 771.

When a petitioner alleges ineffective assistance of counsel based on failure to file a requested appeal, the Second Circuit requires district courts to hold a hearing to determine whether the client requested the appeal. <u>Id.</u> at 776. This determination must be made without assessing the merits of the requested appeal. <u>Id.</u>

**B. Application**

The testimony at the hearing for Stewart's Petition shows that Smith consulted with Stewart about the merits and possible outcomes of appealing his sentence. The only issue,

6

therefore, is whether Stewart requested Smith to appeal his sentence. See Flores-Ortega, 528 U.S. at 478.

Stewart's testimony is the only evidence proffered to support his claim that he instructed Smith to file an appeal. On cross-examination, Stewart admitted that his July 29th letter was not a request to file an appeal. And Stewart did not offer into evidence the other letters in which he claimed to have asked Smith to file an appeal. The only remaining evidence is Stewart's own testimony that he requested Smith to file an appeal and that he had an agreement obligating Smith to file an appeal should he unsuccessfully challenge the aggravating enhancement at the sentencing.

Stewart, however, was not a credible witness. After observing Stewart's demeanor and ability to respond to questions on direct and cross-examination, the court finds that his testimony was not credible. Stewart's contention that Smith agreed to appeal his sentence is also contradicted by his Plea Agreement and his prior representations. The Plea Agreement stated that Stewart would not appeal his sentence. And Stewart stated, at his plea hearing, that his guilty plea was not based on any promises not contained in the Plea Agreement.

Smith, by contrast, was a credible witness. His demeanor and ability to respond to counsels' questions support finding that his testimony was truthful. The court credits his testimony where it conflicts with Stewart's. The court therefore finds that Stewart did not ask Smith to file an appeal and that Smith did not agree to appeal his sentence.

Accordingly, Stewart's Petition is dismissed. Stewart has not put forth any credible evidence that he ever requested his attorney to file a notice of appeal challenging his sentence. His ineffective assistance of counsel claim, the sole basis of his Petition, is without merit.

## III. CONCLUSION

Stewart's Petition is dismissed for the foregoing reasons. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 14, 2009

s/Hon. Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge